Argued and submitted December 23, 1999, reversed and remanded for resentencing August 23, 2000

## STATE OF OREGON,
### *Appellant,*

*v.*

## KENNETH RAY KEEFER,
### *Respondent.*

(98-CR-0041-15, 98-CR-0217-15;
CA A102244 (Control), A102245)
(Cases Consolidated)

8 P3d 1002

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

The state appeals from judgments sentencing defendant to prison terms, suspending the execution of those prison terms and placing defendant on probation after defendant was convicted of first-degree theft, ORS 164.055, and second-degree burglary, ORS 164.215. We reverse and remand for resentencing. ORS 138.222(5).

Defendant pleaded guilty to the charge of first-degree theft and no contest to the charge of second-degree burglary. The indictments and judgments of conviction demonstrate that the theft occurred on March 4, 1997, and the burglary occurred on August 5, 1997. At the sentencing hearing, the deputy district attorney sought 13-month prison sentences to be served concurrently under ORS 137.717 (1997). That statute provided, in relevant part:

"(1) When a court sentences a person convicted of:

"* * * * *

"(c) Theft in the first degree under ORS 164.055, * * * [or] burglary in the second degree under ORS 164.215 * * *, the court shall sentence the person to a term of at least 13 months of incarceration if the person has:

"* * * * *

"(B) Four previous convictions for any combination of the crimes listed in subsection (2) of this section [listing felony property crimes].

"* * * * *

"(3) The court may impose a sentence other than the sentence provided by subsection (1) of this section if the court imposes:

"(a) A longer term of incarceration that is otherwise required or authorized by law; or

"(b) A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

Defendant argued against incarceration. The sentencing judge explained that he had given considerable thought to the sentencing process. He said,

"[b]ecause I've operated long enough under the sentencing guidelines that I've sort of forgotten how I originally used to approach sentencings, and * * * because * * * ORS 137.717 actually gives the court an ability to do what I think I'm going to try to do on this. But I think it's also allowed me to look at this case afresh.

"I'm finding, first of all, you do come into the auspices of ORS 137.717, not the sub A because your convictions are not burglary in the first degree, but your convictions here are burglary in the second degree and theft in the first degree on two of these separate counts, and you have four prior convictions for theft-related offenses, which bring you into the statute.

"* * * * *

"* * * I'm going to have this where it's actually going to transcend what the District Attorney's asking. But it's going to pull back to give you an opportunity to prove yourself. I'm not optimistic but I'm wanting to give it a shot.

"I'm going to sentence you to thirteen months in the physical custody of the Corrections Division. I'm going to suspend execution of that sentence at this time. And the part that I'm a little bit up in the air on, is if I do that, how long the probation term can be."

After asking defense counsel what that term could be and receiving the response that counsel thought "the probation term would be the same as it would have been under the guidelines * * *," the court set the probation term at 24 months. The court then articulated defendant's terms and conditions of probation.

At that point in the proceedings, the deputy district attorney argued that under ORS 137.717(3) the court had to find substantial and compelling reasons not to impose the 13-month incarceration. The sentencing judge responded that he had imposed the 13-month sentences required under ORS 137.717. The deputy district attorney replied: "No, * * * I submit that the court, I don't see anything in there that allows suspended execution and allows for departure, and so I'm just asking the court to find compelling reasons." Although disagreeing with the deputy district attorney's understanding of the statute, the court went on to find that

there had been a substantial interval between defendant's past convictions and the present convictions, that defendant had cooperated with the police, but that there also had been persistent similar conduct in the past. The deputy district attorney did not raise any further objections. Ultimately, the court sentenced defendant to consecutive 13-month prison terms but suspended the execution of the sentences and placed him on probation for 24 months subject to the various terms and conditions of probation.[1]

We first consider defendant's argument that the sentences are not reviewable on direct appeal. ORS 138.222 provides, in relevant part:

"(1) * * * a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"(2) * * * the appellate court shall not review:

"(a) Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."

Defendant relies on *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 522 US 994 (1997) (interpreting ORS 137.222(2)(a)), for the proposition that "any error the court may have committed on matters ancillary to imposing the presumptive sentences is not reviewable on appeal; it is reviewable exclusively on mandamus." In *Huddleston*, the sentencing court imposed a presumptive guideline sentence rather than the statutory minimum sentence under ORS 137.700. At that time, ORS 138.222 did not provide for direct appellate review of claims that the sentencing court erred in failing to impose a minimum sentence under ORS 138.700. ORS 138.222(4)(c) now provides for direct appellate review of claims that "[t]he sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707." However, the sentences imposed in this case were

---

[1] The terms and conditions of probation included serving consecutive 60-day periods in the physical custody of the Crook County Supervisory Authority for each conviction.

imposed under ORS 137.717 (1997). Nonetheless, this case is distinguishable from *Huddleston*.

■        Here, the court imposed sentences that were not presumptive sentences under ORS 138.222(2)(a). Under the sentencing guidelines in effect at the time that defendant committed his crimes, the presumptive sentences for defendant's crimes were 24 months of probation. OAR 213-005-0008(1)(b). If probation had been the only sentence imposed, defendant's argument would be correct; but, the court imposed prison terms and suspended their execution. The suspended executions of the prison sentences are not within the presumptive sentences prescribed by the guidelines, and it follows that ORS 138.222(2)(a) does not bar our review.

■        Defendant next argues that the state's challenges were not properly preserved in the trial court. ORAP 5.45(2). However, the prosecutor requested mandatory minimum sentences, which the court declined to impose. Moreover, "[i]f a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an 'error of law' that may be advanced without an objection to the sentencing court." *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992). Consequently, we reject defendant's argument.[2]

■        The state argues that the sentencing court erred by not sentencing defendant under the requirements of ORS 137.717. However, ORS 137.717 did not become effective until July 1, 1997. Or Laws 1996, ch 3, § 2. Because the theft for which defendant was convicted took place on March 4, 1997, ORS 137.717 cannot provide the basis for defendant's sentence on that conviction. In *State v. Lucas*, 113 Or App 12, 14, 830 P2d 601, *rev den* 314 Or 176 (1992), we held that "the court was without authority to sentence defendant to prison and then suspend execution of the sentence * * * the sentencing guidelines require execution of either a prison sentence or a sentence of probation." Here, the court had authority to impose a sentence under the guidelines only, pursuant to

_____

[2] However, challenges to departure sentences must be preserved. *State v. Orsi*, 108 Or App 176, 180, 813 P2d 82 (1991).

ORS 137.010(1). Therefore, it erred when it imposed a prison sentence and suspended the execution of the sentence.

■ On the other hand, the burglary conviction occurred in August 1997 or after the effective date of ORS 137.717. ORS 137.717(1)(c) provides that, for second-degree burglary, "the court shall sentence the person to a term of at least 13 months of incarceration * * * [.]" As we explained in *State v. Bagley*, 158 Or App 589, 593, 976 P2d 75 (1999), "Subsection (3) allows the court to impose a longer sentence if one of two conditions is met: (a) if a longer sentence is otherwise required or authorized by law, or (b) if it is authorized by the sentencing guidelines." In this case, the court's sentencing authority is circumscribed by OAR chapter 213 and subject to the requirements of ORS 137.717. Neither the rules nor ORS 137.717 provides for the suspension of the execution of a mandatory minimum sentence. Accordingly, the court erred.

Reversed and remanded for resentencing.