Argued and submitted April 22, 2019, reversed and remanded for resentencing November 12, 2020; petition for review allowed April 8, 2021 (367 Or 824) See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS JAMES DAVIDSON,
*Defendant-Appellant.*

Marion County Circuit Court
11C43121; A165303

478 P3d 570

Defendant was convicted of two counts of felony public indecency and sentenced to life in prison without the possibility of parole or release under ORS 137.719(1). The Supreme Court concluded that that sentence was unconstitutionally disproportionate to the offense under Article I, section 16, of the Oregon Constitution and remanded the case for resentencing. On remand, the sentencing court imposed a new sentence of 180 months' incarceration and lifetime post-prison supervision under ORS 137.719(2), which provides for the imposition of a "departure sentence authorized by the rules of the Oregon Criminal Justice Commission." Defendant now appeals for the second time, arguing that the court lacked statutory authority under ORS 137.719(1) or (2) to impose that sentence. *Held*: The sentencing court erred. Because the presumptive life sentence in ORS 137.719(1) was unconstitutional as applied to defendant, the court was required to impose a sentence under ORS 137.719(2), which authorizes a court to impose a departure sentence in conformity with the sentencing guidelines. Therefore, because the sentence imposed did not conform to the guidelines, the court erred by imposing a sentence of 180-months' imprisonment and lifetime post-prison supervision.

Reversed and remanded for resentencing.

Susan M. Tripp, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, argued the cause and filed the brief for appellant.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Reversed and remanded for resentencing.

## SHORR, J.

Defendant was convicted of two counts of public indecency, ORS 163.465, and sentenced to life in prison without the possibility of parole or release under ORS 137.719(1). The Supreme Court concluded that that sentence was unconstitutionally disproportionate to the offense under Article I, section 16, of the Oregon Constitution and remanded the case to the sentencing court for resentencing. On remand, the sentencing court imposed a new sentence of 180 months' incarceration and lifetime post-prison supervision. Defendant now appeals for the second time, arguing that the sentencing court lacked statutory authority under ORS 137.719 to impose that sentence. As we explain below, we conclude that ORS 137.719 does not authorize a sentence of 180-months' incarceration and lifetime post-prison supervision. Consequently, we reverse defendant's sentence and remand for resentencing.

The facts underlying defendant's convictions are not at issue and are set forth in *State v. Davidson*, 271 Or App 719, 731-34, 353 P3d 2 (2015), *aff'd*, 360 Or 370, 380 P3d 963 (2016) (*Davidson I*), and *State v. Davidson*, 360 Or 370, 373-74, 380 P3d 963 (2016) (*Davidson II*). For the purposes of this opinion, the relevant facts are procedural. Defendant was convicted of two counts of public indecency in 2011 for two separate incidents of public masturbation. Public indecency is a Class A misdemeanor but is elevated to a Class C felony upon a person's second public-indecency conviction. ORS 163.465(2). Because defendant had been previously convicted of public indecency on three occasions, two of those prior convictions and both of defendant's 2011 convictions were felony sex crimes. ORS 163.465(2); *former* ORS 181.594(5)(t) (2009), *renumbered as* ORS 163A.005(5)(t) (2015). As a result, defendant was subject to ORS 137.719, which provides that, for a person who has been previously convicted of two felony sex crimes, the "presumptive" sentence is life in prison without the possibility of parole or release. ORS 137.719(1). That statute also provides that, in lieu of the presumptive life sentence, a sentencing court may impose a "departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." ORS 137.719(2). At

the original sentencing hearing, the court found that no mitigating circumstances existed and declined to impose a departure sentence under ORS 137.719(2). The court sentenced defendant to the presumptive life sentence, and defendant appealed, contending that the life sentence was unconstitutionally disproportionate to the offense under Article I, section 16. We concluded that the "true life" sentence was unconstitutionally disproportionate as applied to defendant. *Davidson I*, 271 Or App at 745. The Supreme Court agreed, reversed the judgment in part and remanded to the sentencing court for resentencing. *Davidson II*, 360 Or at 391.

On remand, a different sentencing court presided over the resentencing proceedings. That court held two hearings to determine defendant's new sentence in light of *Davidson II*. At the first hearing, the court heard the parties' arguments regarding the appropriate statute under which to sentence defendant. Defendant argued that the court lacked statutory authority to impose a sentence under ORS 137.719. According to defendant, that was so because the Supreme Court held, in *Davidson II*, that the presumptive life sentence was unconstitutional as applied to the instant case, precluding the application of the presumptive life sentence in ORS 137.719(1). Additionally, defendant argued, because the first sentencing court had originally found no basis for a departure under ORS 137.719(2), the second sentencing court was precluded from imposing a sentence under that provision. Therefore, the court was required to impose a sentence under the felony sentencing guidelines. The state responded that the court's opinion in *Davidson II* stood for the proposition that a life sentence was unconstitutional but did not otherwise limit the court's authority to impose a sentence other than life. In the state's view, the sentencing court retained authority to impose a sentence under ORS 137.719(1), so long as the sentence was less than life.

The court noted that "the first question" for the court to resolve was whether the court retained authority to sentence defendant under ORS 137.719. The court concluded that it did.

"From this Court's position we go back to that statute. There's nothing that kicked us out of using that statute as our sentencing mechanism. So once we're back in that statute as the sentencing mechanism, to the Court that means that we then look to the language of that statute.

"And the language says the court must find factors that would cause the court to depart from a life sentence. I believe that the Oregon Supreme Court's saying that something is unconstitutional as applied, that's a reason for departure."

In line with that conclusion, the court determined the appropriate sentence under ORS 137.719 at the second resentencing hearing. The court began by adopting the findings of the original sentencing court. The court explained that a lengthy sentence was warranted in defendant's case, placing particular emphasis on defendant's recidivism and the high likelihood that defendant would reoffend upon release from prison. The court also revisited the discussion of the applicable sentencing statute, concluding that neither provision of ORS 137.719 required it to apply the sentencing guidelines.

"[ORS] 137.719 I believe is the sentencing structure we use. We come out of that sentence using some type of substantial and compelling reasons to depart downward. So the next question that we have is if life is disproportionate, what is proportionally appropriate. The legislature found for the protection of our community that this type of offense was a sex offense at one point.

"* * * * *

"That was the intent of the presumptive life sentence was to go outside [the guidelines sentencing] scheme. And * * * if the Court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission, I believe what they're saying is that if—is the departure something that's listed or something that would be authorized.

"I don't believe they're saying go back to the grid block because if they wanted the court to go back to the grid block, they'd have the ability to say very clearly, 'Go back to the grid block. Return to the sentencing structure.' But they don't say that."

The court resentenced defendant to 90 months' incarceration on each count, to be served consecutively, and lifetime post-prison supervision. Thus, the total sentence was 180-months' incarceration and lifetime post-prison supervision.

Defendant now appeals from his sentence for the second time, raising four assignments of error. The crux of defendant's combined arguments is that the sentencing court lacked statutory authority to impose 180 months of incarceration and lifetime post-prison supervision under ORS 137.719(1) and (2).[1] Defendant relies on *State v. Leathers*, 271 Or 236, 531 P2d 901 (1975), to assert that a sentence must be in conformity with the governing sentencing statute under which it is imposed. *Id.* at 240 ("When a court acts beyond the bounds of its sentencing authority, it infringes upon the power of the legislature to determine the manner of punishment. A sentence must be in conformity with the governing statute; any non-conforming sentence is void for lack of authority and thus totally without legal effect."). Because ORS 137.719(1) authorizes a life sentence only, defendant contends that the sentence imposed here—180-months' incarceration and life-long post-prison supervision—does not conform to ORS 137.719(1) and is invalid under that provision. Defendant further asserts that, contrary to the court's interpretation on remand, ORS 137.719(2) does not authorize a sentencing court to impose a departure sentence from life if it makes findings of substantial and compelling reasons to do so.[2] Rather, defendant argues that ORS 137.719(2) authorizes a sentencing court to impose a departure sentence under the felony sentencing guidelines, and, because the sentence here exceeds the maximum sentence authorized by the felony sentencing guidelines, the court lacked authority to impose it. The state contends that both subsections authorized the court to impose the sentence in question.

---

[1] Defendant does not contend that the sentence imposed on remand was unconstitutional under Article I, section 16, only that the court lacked statutory authority to impose the sentence.

[2] As we explain below, the sentencing court did not expressly state whether it was imposing the sentence under ORS 137.719(1) or (2). The parties agree that the court likely intended to sentence defendant under subsection (2) in light of the court's multiple references to the language of subsection (2) during sentencing.

Thus, the issue before us is whether subsections (1) or (2) of ORS 137.719 authorized the sentence that the sentencing court imposed on remand in this case in light of the Supreme Court's decision that the presumptive life sentence under subsection (1) was unconstitutionally disproportionate as applied to defendant. "We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Brewer*, 260 Or App 607, 618, 320 P3d 620, *rev den*, 355 Or 380 (2014).

Before addressing the parties' specific arguments, we set out briefly the pertinent sentencing statutes. The felony sentencing guidelines, which are set forth in chapter 213 of the Oregon Administrative Rules, are established by the rules of the Oregon Criminal Justice Commission and approved by the legislature. The guidelines "serve as the primary means through which courts determine an offender's sentence for felony offenses." *State v. Ferman-Velasco*, 333 Or 422, 425, 41 P3d 404 (2002). A court is required to impose a sentence under the guidelines unless some other supervening sentencing statute applies. ORS 137.669 ("The guidelines *** shall control the sentences for all crimes committed after the effective date of such guidelines."); ORS 137.637 ("When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the sentence as provided by the rules of the Oregon Criminal Justice Commission, whichever is longer."). Under the guidelines, a defendant's presumptive sentence is determined by reference to the guidelines grid block and is based on that defendant's criminal history and the gravity of the crime of conviction. *State v. Worth*, 274 Or App 1, 24, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016). A sentencing court must impose the presumptive sentence, unless the court finds "substantial and compelling reasons" to impose a departure sentence. OAR 213-008-0001.

As noted, for the third conviction of a felony sex crime, ORS 137.719 requires the court to impose a life sentence without the possibility of release or parole, unless the court makes substantial and compelling findings that

warrant a departure sentence. Specifically, subsection (1) provides:

> "The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence."

ORS 137.719(1). Subsection (2) provides:

> "The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

ORS 137.719(2).

Although the sentencing court noted repeatedly on remand that it intended to sentence defendant under ORS 137.719, it did not identify the subsection on which it relied to impose the sentence in this case. However, the parties agree that the court likely imposed a sentence under subsection (2). We agree. The court referred to and used terms in subsection (2) several times during the resentencing hearings, remarking that "the language [of ORS 137.719] says the court must find factors that would cause the court to depart from a life sentence," and that "[w]e come out of [the life] sentence using some type of substantial and compelling reasons to depart downward." The court characterized the issue before it as "if the Court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission" whether "the departure [is] something that's listed or something that would be authorized." We understand those statements to indicate that the court intended to sentence defendant under subsection (2). For that reason, we begin our analysis by determining whether that subsection authorized defendant's sentence.

As noted, defendant contends that ORS 137.719(2) does not authorize a court to impose any sentence that departs from a life sentence, as the sentencing court here concluded, but instead permits a court to impose a departure sentence under the felony sentencing guidelines. The

scope of sentencing authority granted by ORS 137.719(2) is a question of statutory construction. Accordingly, we employ the methodology for construing a statute prescribed in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As always, when construing a statute, the "paramount goal" is to discern the intent of the legislature. *Id.* at 171. Under *Gaines*, the first step in determining the legislatively intended meaning of a statute is to examine the text and context. After examining the text and context, we consult the legislative history if it is useful to our analysis. If the legislature's intent remains unclear after examining the text, context, and legislative history, we employ maxims of statutory construction to assist in our determination. *Id.* at 171-72.

We begin with the text and context of ORS 137.719(2). The scope of sentencing authority granted by that provision, as it relates to this case, depends on the meaning of "a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." Our understanding of that phrase, based on the plain meaning of the text, is that, for a "departure sentence" to be validly imposed, it must conform to the requirements of the "rules of the Oregon Criminal Justice Commission" and be based on findings of substantial and compelling reasons.

Based on our reading of the text and context, we further conclude that "the rules of the Oregon Criminal Justice Commission" include the felony sentencing guidelines set forth in chapter 213 of the Oregon Administrative Rules. The bulk of those rules relate to the content and application of the felony sentencing guidelines. As noted above, the felony sentencing guidelines establish presumptive sentences that a court must impose, and those sentences are calculated based on the defendant's criminal history and the gravity of the crime of conviction. The felony sentencing guidelines also permit a court to impose a "departure" sentence if the court finds that there are substantial and compelling reasons to do so. A departure is defined in OAR 213-003-0001(5) as "a sentence, except an optional probationary sentence, which is inconsistent with the presumptive sentence for an

offender." A "nonexclusive" list of factors to be considered in determining whether substantial and compelling reasons for a departure exist is enumerated in OAR 213-008-0002. Given the emphasis placed on the guidelines in the rules of the Oregon Criminal Justice Commission, it is likely that the legislature, in making a general reference to those rules, also intended to refer to the guidelines therein. Moreover, the legislature used terms that are defined in the rules of the Oregon Criminal Justice Commission—"departure sentence" and "substantial and compelling reasons"—within and in relation to the sentencing guidelines.

The state contends that the text in ORS 137.719(2) could be reasonably construed to require the sentencing court only to make findings of substantial and compelling reasons before departing from the presumptive life sentence within ORS 137.719(1). That is, the state argues that the phrase "authorized by the rules of the Oregon Criminal Justice Commission based on substantial compelling reasons" merely refers to the requirement set forth in OAR 213-008-0001 that a departure sentence must be supported by findings of substantial and compelling reasons. Under that construction of subsection (2), the court would be permitted to depart from the presumptive life sentence of subsection (1), so long as it found that there were substantial and compelling reasons to do so.

We disagree with the state's construction for several reasons. First, ORS 137.719(2) plainly refers to the "rules of the Oregon Criminal Justice Commission," not to a single rule set forth in OAR chapter 213. That implies that the legislature intended for the departure sentence to conform with all of the rules in OAR chapter 213. Second, as we explained above, most of the rules in OAR chapter 213 are inextricably and directly related to the content and administration of the felony sentencing guidelines. Because so many of the rules in OAR chapter 213 pertain to the guidelines, it is unlikely that the legislature would make a nonspecific reference to the rules of the Oregon Criminal Justice Commission if it did not wish to reference the felony sentencing guidelines.

Third, to conclude that the legislature did not intend for departure sentences imposed under ORS 137.719(2)

to conform to the rules set forth in OAR chapter 213, we would have to ignore the text's inclusion of "authorized by the rules of the Oregon Criminal Justice Commission." If the legislature merely intended for the sentencing court to make findings of substantial and compelling reasons, as the state contends, it could have drafted legislation requiring only that. Instead, the legislature included a directive that the departure sentence be authorized by the rules of the Oregon Criminal Justice Commission. ORS 174.010 ("In the construction of a statute, the office of the judge is * * * not to insert what has been omitted, or to omit what has been inserted.").

The phrase "authorized by the rules of the Oregon Criminal Justice Commission" appears in a number of other sentencing statutes that are similar to the one at issue here. Although we found few cases wherein the meaning of that phrase was directly at issue, our construction of that text within ORS 137.719(2) is consistent with at least one prior construction of that same phrase in another statute. In *State v. Bagley*, the trial court sentenced the defendant under ORS 137.717 (1996).[3] 158 Or App 589, 591, 976 P2d 75 (1999). Subsection (1) of that statute provided that, for a person convicted of unauthorized use of a vehicle, who also had one prior conviction of that crime, the presumptive sentence was 13 months' imprisonment. Subsection (3)(b) of that statute provided that a court could impose a longer sentence than the sentence specified in subsection (1) if it imposed a "departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." We concluded that that phrase referred to a departure sentence authorized by the sentencing guidelines, and that, therefore, "to impose a sentence longer than the [sentence] specified in ORS 137.717(1), the trial court had to do so under the sentencing guidelines." *Bagley*, 158 Or App at 596.

A similar phrase also appears in ORS 137.637, which states that, "[w]hen a determinate sentence of imprisonment

---

[3] ORS 137.717 (1996), *amended by* Or Laws 1999, ch 1022, §§ 2, 4, 7; Or Laws 2001, ch 784, § 1; Or Laws 2007, ch 584, § 2; Or Laws 2008, ch 14, § 7; Or Laws 2009, ch 660, §§ 8, 11; Or Laws 2013, ch 649, § 5; Or Laws 2017, ch 673, § 5.

is required or authorized by statute, the sentence imposed shall be the determinate sentence or the sentence as provided by the rules of the Oregon Criminal Justice Commission, whichever is longer." We have consistently understood the reference in that statute to "the rules of the Oregon Criminal Justice Commission" to refer to the sentencing guidelines. *See, e.g.*, *State v. Langdon*, 330 Or 72, 77, 999 P2d 1127 (2000) ("Under ORS 137.637, when a statute mandates a sentence of imprisonment, the trial court must impose that mandatory sentence or the sentence prescribed under the sentencing guidelines, whichever is longer."); *State v. Nygaard*, 303 Or App 793, 801-02, 466 P3d 692, *rev den*, 367 Or 115 (2020) (trial court violated ORS 137.637 when it imposed a sentence that exceeded both the mandatory minimum sentence and the maximum sentence permissible under the sentencing guidelines, given requirement under ORS 137.637 that the sentence imposed shall be the determinate sentence or the sentence as provided by the rules of the Oregon Criminal Justice Commission, whichever is longer).

The state asserts that the legislature could not have intended our construction of ORS 137.719(2) because ORS 137.719 is a recidivist statute. In the state's view, because the legislature intended to target recidivist conduct, the legislature could not have intended for the alternative sentence to be so much lower than the presumptive life sentence. But the difference between the presumptive sentence and the maximum guidelines departure sentence would be less dramatic for more severe crimes. For example, the maximum departure sentence for a single count of an offense classified at crime category 10 for a person with two prior person felony convictions is 20 years' imprisonment.[4] Offenses classified at crime category 10 include first-degree rape, first-degree sexual penetration, and first-degree sodomy, depending on the presence of certain aggravating factors. OAR 213-017-0002. As we observed in *Davidson I*, the public indecency crimes

---

[4] The maximum presumptive sentence for a single count of an offense classified at crime category 10 for a person with two prior person felonies is 120 months. *Oregon Felony Sentencing Guidelines Grid*, OAR ch 213, App 1. Under the guidelines a sentencing court may impose a maximum departure sentence of twice that term of imprisonment, which is 240 months, or 20 years. OAR 213-008-0003(2).

that defendant committed are "comparatively less serious than a grouping of other sex crimes—which largely involve crimes against children, violent acts, or prohibited or non-consensual sexual touching—for which a true life sentence might be imposed under ORS 137.719(1)." 271 Or App at 737.

Having determined that subsection (2) authorizes the sentencing court to impose a departure sentence that conforms to the sentencing guidelines, we further conclude that the sentencing guidelines do not permit defendant's sentence of 180-months' incarceration in this case. Departure sentences are limited by various rules within the sentencing guidelines, including OAR 213-008-0003(2). Under OAR 213-008-0003(2), a departure sentence may not exceed double the maximum duration of the presumptive prison term. In *Davidson I*, we described defendant's maximum sentence under the guidelines:

> "For the first public indecency count, defendant would have been classified at 6B in the sentencing grid block, which carries a presumptive sentence of 19 to 24 months in prison. For the second public indecency count, he would have been classified at 6A, which carries a presumptive sentence of 25 to 30 months. If he were sentenced to the maximum and given the maximum upward durational departure for each count under OAR 213-008-0003(2), and the sentences were imposed consecutively, the sentence would have been 108 months, or nine years."

271 Or App at 740. In addition, OAR 213-008-0003(2) limits departure sentences by providing that in no case may the sentence for each conviction exceed the statutory maximum indeterminate sentence set forth in ORS 161.605. For a Class C felony, the maximum sentence is five years. Thus, the sentence imposed in this case does not conform to the felony sentencing guidelines and violates the limits within OAR 213-008-0003(2).

The state contends that, even if we conclude, as we do here, that ORS 137.719(2) authorizes the court to impose only departure sentences that conform with the sentencing guidelines, the sentence that the court imposed was lawful because it was a downward departure from the presumptive life sentence and OAR 213-008-0003(2) imposes limits

on upward durational departures, not downward durational departures. OAR 213-008-0003(2) provides, "A durational departure from a presumptive prison term shall not total more than double the maximum duration of the presumptive prison term. In no case may the sentence exceed the statutory maximum indeterminate sentence described in ORS 161.605." According to the state, because the first of the two sentences in OAR 213-008-0003(2) provides that a departure "shall not total more than double the maximum duration of the presumptive prison term," that rule, "by mathematical necessity," can "only be intended to refer to an *upward* durational departure." (Emphasis in original.) The state further contends that, by extension, the limitation in the second sentence of OAR 213-008-0003(2) must only apply to upward departures. That second sentence provides that "[i]n no case may the sentence exceed the statutory maximum indeterminate sentence described in ORS 161.605." In the state's view, that language "clearly refers to the upward departure that was the subject of the provision's immediately preceding sentence."

We disagree with the state's construction. As the state acknowledges, OAR 213-008-0003(2) refers only to "durational departures." It does not specify that the rule, or any portion of it, applies only to upward or downward departures. In other words, nothing in the text of OAR 213-008-0003(2) precludes its application to departure sentences imposed under ORS 137.719(2). As we explained above, once the court finds substantial and compelling reasons to depart from the presumptive life sentence in ORS 137.719(1), ORS 137.719(2) requires the court to impose a departure sentence that conforms with the sentencing guidelines. That includes OAR 213-008-0003(2). It thus follows that a departure sentence imposed under ORS 137.719(2) must not exceed double the maximum duration of the presumptive prison term—necessarily meaning, in this context, the presumptive grid block sentence under the guidelines[5]—and, in any event, not

---

[5] *See* OAR 213-008-0001(16) ("'Presumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime seriousness ranking of the current crime of conviction and the offender's criminal history or a sentence designated as a presumptive sentence by statute.").

more than the statutory maximum set out in ORS 161.605, as provided in OAR 213-008-0003(2).

We now consider whether the sentencing court retained statutory authority to impose the challenged sentence under ORS 137.719(1).[6] Defendant's argument with respect to the court's authority under subsection (1) is brief. Defendant cites *Leathers* for the proposition that a sentence must conform to the statute under which it is imposed. In that case, the trial court sentenced the defendant to serve his jail sentence on the weekends in a different county from where the defendant was convicted. The trial court explained that it imposed the sentence in a different county—where the defendant owned a business—because the court was concerned that serving a jail sentence in the county of conviction would make it difficult for the defendant to run his business. *Leathers*, 271 Or at 238. A sentencing statute permitted the court to impose the defendant's sentence in another county but only if the reasons related to the defendant's safety. *Id.* at 239. Therefore, the Supreme Court held that the trial court exceeded its statutory authority by considering factors unrelated to the defendant's safety in its decision to impose the defendant's sentence in another county. *Id.* at 239-40. The court explained that, "[w]hen a court acts beyond the bounds of its sentencing authority, it infringes upon the power of the legislature to determine the manner of punishment. A sentence must be in conformity with the governing statute; any non-conforming sentence is void for lack of authority and thus totally without legal effect." *Id.* at 240.

In defendant's case, he asserts that subsection (1) authorizes the imposition of only one sentence—life without the possibility of release or parole—and that any sentence other than life imposed under subsection (1) is nonconforming and invalid. Consequently, defendant contends that the sentence of 180-months' imprisonment is nonconforming

---

[6] Although the record suggests that the sentencing court sentenced defendant under ORS 137.719(2), we nonetheless consider whether the sentence was authorized by subsection (1), because, "[w]ith respect to a sentencing error, a defendant is not prejudiced if it is clear that, on remand, the trial court lawfully could, and would, impose the same total term of imprisonment." *State v. Jenniches*, 187 Or App 658, 663, 69 P3d 771, *rev den*, 335 Or 578 (2003).

under subsection (1) and the sentencing court lacked statutory authority to impose it.

The state asserts that defendant's reliance on *Leathers* is misplaced. The state acknowledges that a sentencing court may not exceed its sentencing authority and that a sentence must conform to the sentencing statute under which it is imposed. But the state contends that the court did not act beyond the bounds of the authority created by ORS 137.719(1) by *shortening* defendant's unconstitutional presumptive life sentence following remand from the Supreme Court. Instead, the state argues that a "presumptive" sentence is "an assumed or default sentence that may be raised or lowered" depending on the presence of various factors. Accordingly, "where the legislature has authorized [the] imposition of a 'presumptive' sentence of a particular duration but the constitution requires something less—a court retains authority on remand to impose a shorter sentence that is consistent with both sources of law." By imposing a shorter sentence here, the state asserts that the sentencing court was effectuating the legislature's intent—and thus conforming to ORS 137.719(1)—to the extent it was constitutionally permissible.

We agree that *Leathers* does not definitively answer the question before us. Certainly, *Leathers* stands for the proposition that a sentence must conform to some grant of legislative authority. Indeed, that a sentencing court may not deviate from legislatively prescribed sentences is a well-established principle of law. *State v. Wheeler*, 343 Or 652, 671, 175 P3d 438 (2007) (the Supreme Court "consistently has adhered to the view that it is the province of the legislature to establish the penalties for the violations of the various criminal statutes" (internal quotation marks and brackets omitted)); *State ex rel Huddleston v. Sawyer*, 324 Or 597, 615, 932 P2d 1145, *cert den*, 522 US 994 (1997) (noting that the Supreme Court "has held that courts need specific statutory authority to impose a sentence of imprisonment"); *State v. Cotton*, 240 Or 252, 254, 400 P2d 1022 (1965) ("The court in imposing punishment for a criminal offense is limited strictly to the provisions of the applicable statute, and *any deviation* from the statute in the mode, extent or place of punishment renders the judgment void." (Emphasis added.)).

There are numerous cases that discuss a sentencing court's error in exceeding its statutory authority in imposing a sentence. *See, e.g.*, *Howell v. State*, 1 Or 241, 245 (1859) (trial court exceeded statutory authority where statute authorized court to sentence the defendant to up to 20 days of solitary confinement, but court sentenced the defendant to one year of solitary confinement); *State v. Longenecker*, 175 Or App 33, 41-42, 27 P3d 509, *rev den*, 332 Or 656 (2001) (trial court erred in imposing 830-month sentence where neither Measure 11 nor sentencing guidelines authorized a sentence of that length); *State v. Keefer*, 169 Or App 338, 343-44, 8 P3d 1002 (2000) (sentencing guidelines did not authorize court to impose a prison sentence and then suspend the execution of the sentence).

However, there is little Oregon case law addressing the scope of statutory authority granted by a statute when the presumptive sentence in that statute is unconstitutional as applied to a particular defendant. In one case, *Cannon v. Gladden*, the court held that a sentence of life in prison for assault with the intent to commit rape was unconstitutionally disproportionate, because the maximum sentence for the greater offense of rape was 20 years' imprisonment. 203 Or 629, 632-33, 281 P2d 233 (1955). The statute providing for life in prison also provided an alternative sentence of 20 years' imprisonment. The court explained that, because the defendant could not be sentenced to life in prison, the defendant should be sentenced under the alternative. *Id*. at 633. The Supreme Court did not provide detailed analysis in *Cannon*, but that case provides some limited guidance here and suggests that, where a presumptive sentence is unconstitutional but the legislature provides an alternative sentence, one appropriate resolution is for the sentencing court to impose the alternative sentence.

That resolution is also appropriate here. Although the particular confines of a sentencing court's inherent sentencing authority have not been decided, we are guided by the principle we stated above. A sentencing court "is limited strictly to the provisions of the applicable statute, and any deviation from the statute in the mode, extent or place of punishment renders the judgment void." *Cotton*, 240 Or at 254.

We have not found, and the state does not provide, any legal authority in ORS 137.719(1) or Oregon case law that would permit the sentencing court to impose the sentence in this case. Subsection (1) authorizes the court to impose a sentence of life in prison without the possibility of release or parole. On its face, it simply does not authorize the imposition of any other sentence, including the 180-month sentence imposed here. Because a sentencing court "is limited strictly to the provisions of the applicable statute, and any deviation from the statute *** renders the judgment void," the sentence here is legally impermissible. *Id*. The court did not have authority to impose defendant's sentence under either subsection of ORS 137.719.

The state's reliance on *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009), does not support its position either. There, in two separate cases, the trial courts found that the mandatory minimum sentences of 75 months were unconstitutionally disproportionate as applied to the defendants under Article I, section 16. *Id*. at 49. The courts each sentenced the defendants, who were convicted of first-degree sexual abuse, to terms of imprisonment that the defendants "would have received under the Oregon Sentencing Guidelines, were it not for the mandatory Measure 11 sentence." *Id*. at 53. The Supreme Court did not expressly state whether the trial courts were sentencing the defendants under the guidelines or the statute requiring mandatory minimum sentences. *Id*. at 53-54. The court agreed that the sentences were unconstitutional as applied and affirmed the sentences imposed by the trial courts. *Id*. at 80. In a footnote, the court also noted that

> "[t]he state's position is that the 75-month term is constitutional. It makes no alternative argument that, even if a 75-month sentence would violate Article I, section 16, any prison term *less* than 75 months would be constitutional. For that reason, we do not need to consider whether some sentence greater than the 16 months imposed on Rodriguez or the 17 months imposed on Buck—but less than the 75-month mandatory sentence—would pass constitutional muster."

*Id*. at 79 n 19 (emphasis in original). The state contends that *Rodriguez/Buck* illustrates that, "when a mandatory

sentence is held to [be] unconstitutionally disproportionate, the trial court has authority on remand to enter a shorter sentence even if there is no express statutory authority for doing so."

That understanding of *Rodriguez/Buck* rests on too many assumptions. The Supreme Court may have alluded to a potential argument concerning the constitutionality of any sentence less than the mandatory minimum, but whether the trial courts had *statutory authority* to sentence the defendants under the mandatory minimum statute was not at issue in that case. The *Rodriguez/Buck* court did not state the particular statute under which the sentences were imposed, and, in any case, absent authority to sentence the defendants under the mandatory minimum statute, the sentencing courts would have had statutory authority to sentence the defendants under the guidelines. *See* OAR 213-017-0004 (listing Sexual Abuse I under crime category 8 for the purposes of determining the presumptive grid block sentence under the guidelines). We note that, under Oregon's current sentencing scheme, the felony sentencing guidelines would provide secondary sentencing authority for most felonies for which the presumptive sentence was held unconstitutional.

The state argues that to conclude that the sentencing court lacked authority to sentence defendant under ORS 137.719(1) here could lead to circumstances where future sentencing courts are left without authority to sentence defendants at all upon reversal of a sentence that is unconstitutionally disproportionate. That concern was also expressed by the dissent in *State v. Link*, 297 Or App 126, 187 n 15, 441 P3d 664, *rev allowed*, 365 Or 556 (2019) (Tookey, J., dissenting). In that case, we concluded that the Eighth Amendment to the United States Constitution prohibited the imposition of a mandatory 30-year sentence on juvenile offenders because the statute establishing that sentence did not permit the sentencing court to consider the qualities of youth. *Id.* at 158. Although we did not address the proper sentence on remand, the dissent expressed concern that, as a result of our holding in that case, "the only penalties that the legislature chose for the crime of aggravated murder

are unconstitutional to impose on any juvenile offender," and therefore "there is no longer a legislatively authorized penalty for that crime," which is not ranked on the crime seriousness scale of the sentencing guidelines. *Link*, 297 Or App at 187 n 15.

Whether a sentencing court could impose a sentence under those circumstances is not directly at issue in this case, because, as discussed earlier in this opinion, the sentencing court had authority to impose an alternative sentence under ORS 137.719(2). Again, we note that nearly all felonies are accounted for in the felony sentencing guidelines, which provide for departure sentences in the event that a presumptive guidelines sentence is unconstitutional. Therefore, we need not, and do not, decide whether a court has inherent authority to impose a sentence in the rare case where "there is no longer a legislatively authorized penalty for [a] crime" because the only sentence or sentences established by the legislature for a particular crime are unconstitutional as applied. The question here is whether, when the presumptive life sentence in subsection (1) of ORS 137.719 is not available because it is unconstitutionally disproportionate but the legislature has provided an alternative sentence in subsection (2) of the same statute, the court may impose any sentence less than life under subsection (1). In answering that question, we only address whether ORS 137.719(1), on its face, authorized a sentence of 180-months' imprisonment. As we explained above, we conclude that ORS 137.719(1) does not authorize that sentence, and the sentencing court is required, on remand, to impose a sentence under the correct construction of subsection (2).

Finally, for the reasons discussed throughout this opinion, we conclude that the sentencing court did not have authority to impose lifetime post-prison supervision on either count of public indecency. Under our construction of ORS 137.719(2), the imposition of post-prison supervision must conform to the rules of the Oregon Criminal Justice Commission, which include the felony sentencing guidelines. Those rules do not authorize a term of post-prison supervision of that duration. OAR 213-005-0002. Nor was the imposition of post-prison supervision authorized under ORS 137.719(1). As we explained above, that statute authorizes a

sentence of life in prison without the possibility of parole or release, it does not authorize the imposition of post-prison supervision.

In sum, we conclude that, because the presumptive life sentence in ORS 137.719(1) was unconstitutional as applied to defendant, the sentencing court was required to impose a sentence under ORS 137.719(2). Because ORS 137.719(2) authorizes a sentencing court to impose a departure sentence in conformity with the sentencing guidelines, the court erred by imposing a sentence of 180-months' imprisonment and lifetime post-prison supervision.

Reversed and remanded for resentencing.