No. 391 June 12, 2024 149

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW A. FUDGE,
*Defendant-Appellant.*

Washington County Circuit Court
C152987CR; A179798

Beth L. Roberts, Judge.

Argued and submitted April 30, 2024.

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

This case is before us for a third time on defendant's appeal from a judgment imposing sentence for first-degree sodomy (Count 1), ORS 163.405, and first-degree sexual abuse (Count 2), ORS 163.427. Defendant challenges his 200-month sentence on Count 1, arguing that the trial court lacked statutory authority to impose that sentence and, alternatively, that the sentence is constitutionally disproportionate as applied to him under the Oregon and United States Constitutions. Because we agree with defendant that the trial court lacked statutory authority to impose a 200-month sentence on Count 1, we again remand for resentencing.

We recounted the historical facts of this case in *State v. Fudge*, 297 Or App 750, 751-55, 443 P3d 1176, *rev den*, 365 Or 819 (2019) (*Fudge I*), and need not repeat them here. The procedural facts are not disputed. The trial court initially imposed a 300-month mandatory minimum sentence on Count 1 under ORS 137.700. On defendant's first appeal, we remanded for resentencing in light of *State v. Ryan*, 361 Or 602, 396 P3d 867 (2017), because it was not clear from the record of the first sentencing proceeding that the trial court had considered the constitutional implications of defendant's intellectual disability. *Fudge I*, 297 Or App at 760-61. On remand from *Fudge I*, the trial court reimposed the same 300-month mandatory minimum sentence on Count 1. On defendant's second appeal, we held, in a nonprecedential memorandum opinion, that "the imposition of a 300-month mandatory sentence as applied to defendant is unconstitutionally disproportionate under Article I, section 16," of the Oregon Constitution, but we "offer[ed] no opinion on what a proportionate sentence would be." *State v. Fudge*, 320 Or App 614, 617-18 (2022) (nonprecedential memorandum opinion) (*Fudge II*). We reasoned that "defendant has a profound intellectual disability and the adaptive functioning of an eight-year-old; the same offense for more intellectually advanced youth offenders with no criminal history is 200 months less than the 300 months' mandatory sentence for defendant; and defendant has no prior uncharged criminal conduct and was deemed low risk for recidivism." *Id.* at 617.

On remand from *Fudge II*, the parties were willing to stipulate to a 100-month sentence on Count 1 for the purposes of settlement, which would have rendered it unreviewable on appeal. *See* ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant."). The parties discussed their proposed settlement with the trial court in chambers, and the court indicated that it was inclined to impose a longer sentence. At a later resentencing hearing, the trial court imposed 200 months in prison on Count 1, purportedly under ORS 137.700, and 75 months on Count 2, to be served concurrently. Defendant timely appealed and again challenges the sentence imposed on Count 1.[1] He argues that no statute authorized the 200-month sentence and, alternatively, that the 200-month sentence is constitutionally disproportionate under Article I, section 16, and the Eighth Amendment to the United States Constitution as applied to him. Because we agree with defendant's statutory argument, we do not address his constitutional challenge.

We review the propriety of a trial court's sentence for legal error. *State v. Koelzer*, 327 Or App 143, 145, 534 P3d 299 (2023); ORS 138.105(7). "A sentence must be authorized by the governing statute under which it is imposed." *State v. Davidson*, 369 Or 480, 485, 507 P3d 246 (2022) (*Davidson II*) (citing *State v. Leathers*, 271 Or 236, 240, 531 P2d 901 (1975)). When a court imposes a sentence that does not conform to the governing statute, it "'infringes upon the power of the legislature to determine the manner of punishment.'" *Id.* (quoting *State v. Speedis*, 350 Or 424, 431, 256 P3d 1061 (2011)).

The Oregon felony sentencing guidelines "apply to felony offenses, and they determine the sentence for any offense not otherwise provided for by a statute that calls for a longer sentence." *Id.* at 486 (citing ORS 137.669 (providing that the guidelines "shall control the sentence for all crimes committed after" their effective date), ORS 137.637 ("When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the

_____

[1] He does not assign error to the sentence imposed on Count 2.

determinate sentence or the sentence as provided by the [felony sentencing guidelines], whichever is longer."), and OAR 213-009-0001(1) ("If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules[,] whichever is longer.")).

Here, the indictment alleged a theory of first-degree sodomy under ORS 163.405(1)(b) (engaging in oral or anal sexual intercourse with another person under 12 years of age) on Count 1, and a jury found defendant guilty of that offense. The guidelines authorize a range of 58-60 months in prison on Count 1, given that the parties agree that defendant has no criminal history. *See* OAR 213-017-0002(9), (12)(c) (placing sodomy of a victim under 12 years old in crime seriousness category 10); OAR 213-004-0007 (placing offenders with no relevant criminal history in criminal history category I); OAR 213-004-0001, Appendix 1 (providing a presumptive sentence of 58 to 60 months in prison for grid block 10-I). ORS 137.700, however, requires the trial court to impose a 300-month sentence for that offense:

> "(1)   Notwithstanding ORS 161.605 [providing for maximum terms of imprisonment for classes of felonies], when a person is convicted of * * * one of the offenses listed in subsection (2)(b) of this section and the offense was committed on or after October 4, 1997, * * * *the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. * * *. The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section.*

> "(2)   The offenses to which subsection (1) of this section applies and the applicable mandatory minimum sentences are:

> "* * * * *

> "(b)   * * *

> "(E)   Sodomy in the first degree, as defined in ORS 163.405(1)(b) * * * 300 months."

ORS 137.700(2)(b)(E) (emphasis added). As noted, we held that the 300-month mandatory minimum sentence

prescribed by ORS 137.700(2)(b)(E) is unconstitutional as applied to defendant. *Fudge II*, 320 Or App at 617-18.

The parties dispute the effect of *Fudge II* on the trial court's statutory authority to impose the 200-month sentence at issue here. In defendant's view, no statute authorized the court to impose a 200-month sentence. Defendant argues that ORS 137.700 authorizes the trial court to impose only one sentence (300 months), which the trial court cannot impose on defendant under *Fudge II*; therefore, the Oregon felony sentencing guidelines control, which authorize a presumptive sentence of 58-60 months. In the state's view, ORS 137.700 authorized the court to impose a 200-month sentence. The state argues that, because ORS 137.700 requires a court to impose a 300-month minimum sentence on Count 1, "it necessarily also authorizes a court to impose a 200-month minimum sentence instead—as a sort of lesser-included sentence—if the court determines that Article I, section 16, precludes imposition of the whole 300-month term but that imposing a 200-month sentence instead would be constitutionally permissible." We agree with defendant.

ORS 137.700(1) mandates that the trial court impose the sentence specified in subsection (2)—here, 300 months under subparagraph (2)(b)(E)—unless a *greater* sentence is "otherwise permitted by law." And it expressly prohibits the court from imposing a lesser sentence. By its plain terms, then, ORS 137.700 authorizes only one sentence on Count 1—a minimum sentence of 300 months—the sentence that we held is unconstitutional as applied to defendant.

The Supreme Court's decision in *Davidson* supports that conclusion. In that case, the trial court initially sentenced the defendant to life in prison under ORS 137.719(1),[2] but the court held that that sentence was unconstitutionally

---

[2] ORS 137.719 provides, in relevant part:

"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

"(2) The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

disproportionate as applied to him. 369 Or at 482-83. On remand, the trial court imposed a 180-month sentence, purportedly under ORS 137.719(2), which exceeded the maximum sentence authorized under the guidelines. On appeal, the state defended the trial court's imposition of a 180-month sentence under both ORS 137.719(1) and (2), arguing that "where ORS 137.719(1) authorizes a sentence of life without the possibility of parole but the constitution does not permit its imposition[,] ORS 137.719(1) permits the trial court to impose any sentence short of life that is constitutionally permissible." 369 Or at 487. The court rejected that argument, because "ORS 137.719(1) provides for only one sentence—the presumptive sentence of life without the possibility of parole." *Id.* The court further concluded that "ORS 137.719(2) provides a mechanism for imposing a sentence other than the presumptive sentence when the court finds substantial and compelling reasons to do so." *Id.* The court ultimately held that the legislature "intended that sentencing courts use the felony sentencing guidelines grid block and departure rules and limitations in determining an appropriate departure sentence" under ORS 137.719(2) and that the trial court was therefore required to impose a sentence authorized by the felony sentencing guidelines on remand. *Id.* at 502-03.

The state's argument here that ORS 137.700(2)(b)(E) authorizes a trial court to impose any "lesser-included sentence" that the court determines is constitutional as applied to defendant is materially indistinguishable from the argument the court rejected in *Davidson* with regard to ORS 137.719(1). The state attempts to distinguish *Davidson* by arguing that, because ORS 137.719(2) provides a mechanism to impose a sentence other than the presumptive life sentence, the court "did not consider what authority the court otherwise might have had if" such a mechanism did not exist and asserts that "[n]othing in ORS 137.700 or elsewhere in the Criminal Code prescribes a mechanism for imposing an alternative sentence when, as in this case, it is determined that a statutorily mandated minimum sentence is unconstitutionally excessive as applied."

We disagree. The court in *Davidson* expressly relied on ORS 137.669 and ORS 137.637 for the proposition that

the guidelines "determine the sentence for any offense not otherwise provided for by a statute that calls for a longer sentence." 369 Or at 486. Thus, although the state may be correct that nothing in ORS 137.700 or the Criminal Code provides a mechanism for imposing an alternative sentence for first-degree sodomy under ORS 163.405(1)(b) when a court determines that the minimum sentence mandated by ORS 137.700(2)(b)(E) is unconstitutional as applied, the state is incorrect to suggest that there is no authority to do so. As the *Davidson* court explained, ORS 137.669, ORS 137.637, and the guidelines themselves provide such authority. 369 Or at 486. To be sure, we have acknowledged the possibility of "circumstances where future sentencing courts are left without authority to sentence defendants at all upon reversal of a sentence that is unconstitutionally disproportionate" in the few situations where the guidelines do not prescribe a sentence for certain offenses, such as aggravated murder. *State v. Davidson*, 307 Or App 478, 495-96, 478 P3d 570 (2020), *aff'd*, 369 Or 480, 507 P3d 246 (2022). But that is not the case here, where the sentencing guidelines also authorize a sentence on Count 1.

In a distinct but related argument, the state contends that ORS 174.040 requires the court to apply ORS 137.700 "to the extent that it can be constitutionally applied to defendant," meaning that "the court must determine the maximum [sentence] that would be constitutionally permissible to impose and then apply that term instead." ORS 174.040 provides:

> "It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

> "(1)   The statute provides otherwise;

> "(2)   The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3)   The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

Assuming that ORS 174.040 applies here, in our view, severing the 300-month sentence under subparagraph (2)(b)(E) from the remaining parts of ORS 137.700 would implicate ORS 174.040(3), because ORS 137.700 specifies no other sentence for first-degree sodomy under ORS 163.405(1)(b). That is, after severing the mandatory 300-month sentence in subparagraph (2)(b)(E) from the rest of ORS 137.700, "[t]he remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent" that the trial court must impose a 300-month (or greater) sentence for a first-degree sodomy conviction under ORS 163.405(1)(b). ORS 174.040(3). Indeed, the state's proposal that ORS 137.700 necessarily authorizes any sentence up to 300 months that may be constitutionally applied to defendant is inconsistent with the express terms in subsection (1) requiring a trial court to impose, and the person to serve, "at least the entire term of imprisonment listed in subsection (2)" and prohibiting a trial court from imposing "a lower sentence than the sentence specified in subsection (2)."

The state advances two final arguments: that the trial court has authority to impose a 75-month sentence under ORS 137.700(2)(a)(N) (mandating a 75-month sentence on conviction for second-degree sodomy) and that it has discretionary authority to impose up to a 120-month durational departure sentence under the guidelines. We understand those arguments to relate to the trial court's possible sentencing authority on remand, because they do not justify the 200-month sentence imposed here. For that reason, and because the state did not raise them below, we do not address them. However, we note that the state's latter argument is inconsistent with its most recent position below, in which it was willing to settle on a 100-month sentence on Count 1. We are also mindful that while this third appeal has been pending, defendant appears to have completed his concurrent 75-month sentence on Count 2, and he has already served over 90 months in prison in total on this case, all without a final answer on an allowable sentence. Though it is not appropriate for us to resolve arguments that were

not raised below in this posture, it also is not appropriate for a defendant to serve such an extended sentence without the legal basis for that sentence being resolved. Particularly after three appeals, defendant deserves an answer to that question while it may still impact the actual length of time that he spends in custody.

Remanded for resentencing; otherwise affirmed.