330 July 30, 2025 No. 691

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOVAN RAYEL FLORES,
*Defendant-Appellant.*

Polk County Circuit Court
21CR40473; A185324

Norman R. Hill, Judge.

Submitted June 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant pleaded guilty to one count of failure to perform the duties of a driver, ORS 811.705, and two counts of fourth degree assault, ORS 163.160(2), a Class A misdemeanor. The trial court imposed a sentence of 25 months' prison with 24 months of post-prison supervision, stating that defendant was not eligible for early release programs under ORS 137.750 for failure to perform the duties of a driver, without announcing on the record substantial and compelling reasons to do so. The trial court imposed a one-year jail sentence for each of the misdemeanor assault convictions, which exceeds the statutory maximum term of incarceration for a Class A misdemeanor. The state concedes that the trial court erred. We agree with and accept the state's concessions. We remand for resentencing and otherwise affirm. [1]

ORS 137.750(1) requires the trial court to order that "defendant may be considered * * * for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law * * * unless the court finds on the record in open court substantial and compelling reasons that defendant not be considered for such leave, release or program." The trial court legally erred when it denied eligibility for these programs for the first time in the judgment without making the necessary findings. *State v. Ivie*, 213 Or App 198, 210, 159 P3d 1257 (2007) (trial court erred in denying consideration for sentence modification programs without making the findings required by ORS 137.750).

"A sentence must be authorized by the governing statute under which it is imposed." *State v. Davidson*, 369 Or 480, 485, 507 P3d 246 (2022). The statutory maximum jail term for a Class A misdemeanor under ORS 161.615(1) is 364 days. Defendant pleaded guilty to two Class A misdemeanors. The court therefore plainly erred when it imposed one-year sentences. We exercise our discretion to correct the error, taking into account that the case is already being remanded for resentencing, so there is minimal additional

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

burden on judicial resources, and that the state has conceded that the court plainly erred and has agreed that we should correct it "especially in light of the fact that a resentencing is required because of the error in defendant's first assignment of error."

Remanded for resentencing; otherwise affirmed.